Washington Co. v. Parlier

WASHINGTON COUNTY, plaintiff in error, v. ISAAC PARLIER
et al., defendants in error.

*Error to Washington.*

County Commissioners, in making settlements with collectors of the revenue,
act as the agents of the State, and do not adjudicate as a Court. Their orders
entered upon the records are but memoranda of the transactions, and *prima
facie* evidence only of the correctness of the result stated. Mistakes made
in such settlements may be inquired into and corrected as well as those of an
individual acting in his own behalf.

MOTION for a judgment against a Collector, in the Wash-
ington Circuit Court, the Hon. Gustavus P. Koerner pre-
siding, at the October term, 1847.

The record shows that several pleas were filed by the de-
fendant on the trial of the motion. The second plea was
payment, and the fifth was that the defendant, at the Sep-
tember term, 1842, of the County Commissioners' Court of
Washington county, paid over to said Court all the revenue
which he had up to that time collected, or been able to
collect, and that at said term, said County Commissioners'
Court took from him the Collector's books, by which means
he was prevented from collecting any more of said revenue
after that time. The parties went to trial upon those
issues.

The plaintiffs offered in evidence the defendant's receipt
as Collector of the taxes for the year 1841, showing the
amount of county revenue receipted for, to be two thousand,
three hundred and ninety eight dollars, and ninety seven
cents.

The defendant then offered as evidence the following
order upon the records of the County Commissioners' Court
at their September term, 1842, to wit: "And now at this
day came Isaac Parlier, Collector of the revenue of the
county of Washington, and Court went into a settlement
with Isaac Parlier, Collector of the revenue for the year A.
D. 1841, from which it appears that said Collector's credits,
including the amount of tax yet to be collected, amounts to

Washington Co. *v.* Parlier.

$2551$\frac{13}{100}$, from which deduct $2398$\frac{97}{100}$, total amount of county tax for the year 1841, leaves a balance in favor of said collector of $152·16 cents. E. E. On re-examination, on page 391, an excess of credits appears allowed said collector in this settlement of $115 $\frac{76}{100}$;" and also offered to prove by one Henry Williamson, a County Commissioner of said county at the time of the entry of said order, that the Collector's books were about that time handed over to one Salem Goodner, and that it was his impression that they were handed over by the County Commissioners. The plaintiffs objected to the introduction in evidence of said order of the County Commissioners' Court, and also to the testimony of said Williamson. The objections were over-ruled, and the same admitted in evidence, to which the plaintiffs at the time excepted. Said Williamson also testi-fied that it was the understanding at the time, that all errors were to be rectified. This was all the testimony on the part of the defendant.

The plaintiffs then offered a witness to prove that there was a mistake in said settlement of the County Commission-ers' Court, by which the said Parlier had received too large a credit by about three hundred dollars. This testimony the Court refused to receive, and decided said settlement to be conclusive upon the County, to which decision the plain-tiffs excepted.

This was all the testimony in the cause. The Court found the issues for the defendant, and thereupon the plain-tiffs moved for a new trial, which the Court denied, and the plaintiffs excepted.

*G. Trumbull* argued for the plaintiff in error, *ex parte*, the defendant in error having neglected to join in the assign-ment of errors.

The County Commissioner's Court have jurisdiction over the revenue. Rev. Laws, 142.

It is the duty of the Collector to present at the March term of the County Commissioners' Court, a list upon oath, of the property taxed, and the value of the same, &c. &c., which list is to be examined by the Court, all errors and mistakes

corrected, and the Court shall make an order allowing the Collector credit for the amount of taxes due or payable to the County upon the same. Session Laws of 1838-9, p. p. 11, 12.

The Collector may be proceeded against by motion in the Circuit Court. Ibid. p. 20, § 54.

It is contended that the power of the County Commissioners' Court in making settlement with the Collector is a ministerial power, and differs not from the power given to the "Board of Public Works" to audit and adjust the account of its members, and that the settlement is only *prima facie* evidence of the state of account, and differs not from any other settlement of accounts.

The case of *Kinney* v. *The People*, 3 Scam. 357, is believed to be conclusive on this point.

It *is decided in 1 Scam.* 97, that an agreement of the County may be shown, although it was not made a matter of record.

A settlement may be impeached by proof of fraud or mistake. 6 Peters' Cond. R. 296.

This was not a judicial act on the part of the County Commissioners. There were no parties. No evidence was introduced, and nothing before the Court but the mere report of the Collector, and upon it the Court acted.

Suppose that there is a mistake in the settlement, and the State should sue the Collector for its part, could the Collector set up his settlement with the County Commissioners' Court as conclusive?

This power of the County Commissioners is likened to the power of the Probate Justice of the Peace to take the proof of wills, which is only *prima facie* evidence of the validity, of the will, and it may be set aside on an issue ordered out of Chancery.

If the doctrine be true, that the settlement of the County Commissioners' Court is conclusive, great injustice may be done. A mistake would not likely be ascertained during the term of Court. The County could not take an appeal, and the county and State would be entirely without a remedy to correct the error.

The Opinion of the Court was delivered by

CATON, J.*  This was a motion made under the statute, by the County against the Collector, to recover a balance of the revenue in his hands, which he had collected and not paid over or accounted for.  The defendant gave in evidence an order from the records of the County Commissioners' Court, showing a settlement with the Collector, and a balance in his favor of one hundred and fifty two dollars and sixteen cents, and then a subsequent order showing that upon a re-examination of the accounts, it appeared that the Collector had been allowed too great a credit by one hundred and fifteen dollars and seventy six cents.  These orders were objected to by the plaintiff, but admitted in evidence by the Court.  The plaintiff offered to prove a mistake in the settlement, by showing that the defendant had been credited with three hundred dollars too much.  This the Court refused to allow, to which the plaintiff excepted.

The case of *Kinney* v. *The People*, 3 Scam. 357, we think in point.  There the Board of Public Works were vested with the same powers and jurisdiction, in relation to the subject matter of that dispute, which the County Commissioners have in relation to this.  Both had authority to adjust, audit, and settle certain accounts and matters.  In speaking of the powers exercised by the Board of Public Works, the Court said : "It does not possess the character and partake of judicial powers, but simply those of agency on the part of the State, to state an account and agree upon a balance.  In the case before us, had the mistake been against the defendant, he would think it very hard to be concluded by the order, especially when he has proved that it was agreed at the time that all mistakes should be corrected.  In making this settlement, the Commissioners act as the agents of the County, and do not adjudicate as a Court.  They could enter up no judgment against the defendant for the balance found due, nor have they any means

---

* TRUMBULL, J., having been of counsel, took no part in the decision.

of enforcing payment of such balance, except by a resort to the ordinary Courts of Law. As the fiscal agents of the County, their mistakes may be inquired into and corrected as well as those of an individual acting in his own behalf. The record of this settlement is but a memorandum of the transaction, and is only *prima facie* evidence of the correctness of the result stated. The explanatory evidence offered should have been admitted.

The judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed.*